# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50304

STATE OF IDAHO,

   Plaintiff-Respondent,

v.

KYLIE DANA LEIGHTON,

   Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: January 29, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy Baskin, District Judge.

Judgment of conviction and unified sentences of ten years, with two and one-half years determinate, for two counts of felony possession of a controlled substance with intent to deliver, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

 Kylie Dana Leighton was found guilty of two counts of felony possession of a controlled substance with intent to deliver, Idaho Code § 37-2732(a), along with two misdemeanor counts of possession of a controlled substance, I.C. § 37-2732(c), and one count of misdemeanor possession of drug paraphernalia, I.C. § 37-2734A. Leighton admitted to the persistent violator sentencing enhancement, I.C. § 19-2514. The district court imposed a unified concurrent sentence of ten years, with two and one-half years determinate, for each count of felony possession of a controlled substance with intent to deliver, with the persistent violator enhancement. The district court

1

ordered credit for time served for each of the misdemeanors. Leighton filed an Idaho Criminal Rule 35 motion, which the district court denied. Leighton appeals asserting the district court abused its discretion by not retaining jurisdiction and by denying her Rule 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that retaining jurisdiction was not appropriate.

Next, we review whether the district court erred in denying Leighton's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Leighton's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Leighton's judgment of conviction and sentences, and the district court's order denying Leighton's Rule 35 motion, are affirmed.